# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:99-cr-00164-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| ALANDIS DANTE BOULWARE, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Defendant's Motion for Release from Custody to Electronic Monitoring (Doc. No. 36). The Court does not have jurisdiction to rule on Petitioner's Motion, and it is therefore DENIED.

In January 2000, Alandis Dante Boulware pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The court sentenced Boulware to fifty-seven months in prison with a period of three years of supervised release to follow. Boulware's release commenced on January 16, 2004. On November 7, 2006, Boulware's supervised probation officer filed a Petition for Warrant or Summons alleging various supervised release violations. Following a hearing, the Court found that Boulware violated the terms and conditions of his release and revoked the release. The Court then upwardly departed from the recommended guidelines range and sentenced Boulware to twenty-four months in prison, less the sixty days he had already served, for a total imprisonment term of twenty-two months, with a fourteen-month term of supervised release to follow. This sentence was affirmed by the United States Court of Appeals for the Fourth Circuit. United States v. Boulware, No. 07-4099 (4th Cir. Dec. 10, 2007).

In his motion, Boulware requests he be allowed to serve his twenty-two months imprisonment by having the Court to enter an "'18' month flat sentence, possibly with '4' months electronic monitor (house arrest) . . . ." (Doc. No. 38). In an unpublished decision, the United States Court of Appeals for the Fourth Circuit has set forth the rare circumstances upon which this Court has jurisdiction to alter a sentence.

> A district court has limited jurisdiction to change a sentence after it has been imposed. It may do so only (1) upon motion of the Director of the Bureau of Prisons, (2) under express statutory authority or Federal Rule of Criminal Procedure 35, or (3) when a defendant was sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

U.S. v. Nguyen, 211 Fed. Appx. 191 (4th Cir. 2006). As in Nguyen, none of these exceptions apply here. To the extent Boulware seeks a modification in his sentence pursuant to 18 U.S.C. § 3582, the motion is denied because Boulware has failed to present extraordinary or compelling reasons to warrant such a reduction.

Therefore, because the Court lacks jurisdiction to grant the remedy Defendant seeks, his motion (Doc. No. 38) is DENIED.

IT IS SO ORDERED.

Signed: March 12, 2008

Frank D. Whitney
United States District Judge